**Lois PATTERSON, Administratrix of the Estate of Gracie Altizer, deceased; Allyne Muncey, Plaintiffs–Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 88–3902.**

United States Court of Appeals, Fourth Circuit.

Argued April 10, 1989.

Decided Aug. 3, 1989.

---

**128**

Michael Fielding Gibson (Johnston, Holroyd & Gibson, Princeton, W.Va., on brief), for plaintiffs-appellants.

Phyllis Jackson Pyles (Jeffrey Axelrad, Civ. Div., U.S. Dept. of Justice, John R. Bolton, Asst. Atty. Gen., Washington, D.C., Michael W. Carey, U.S. Atty., on brief), for defendant-appellee.

Before ERVIN, Chief Judge, RUSSELL, WIDENER, HALL, PHILLIPS, MURNAGHAN, SPROUSE, CHAPMAN, WILKINSON, and WILKINS, Circuit Judges, sitting en banc.*

MURNAGHAN, Circuit Judge:

The panel decision in this case, *Patterson v. United States*, 856 F.2d 670 (4th Cir. 1988), has now been vacated by the grant of *en banc* rehearing. We on the panel wrestled with the question of what would constitute a discretionary function excepting from the thrust of the Federal Tort Claims Act

* Judge Winter did not participate in *en banc* review.

[a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).

We reversed a dismissal for lack of jurisdiction under the discretionary function exception, remanding for further proceedings to determine whether the action complained of was indeed or was not discretionary. However, in the *en banc* reconsideration of the case, the evidence presented on re-examination, convinced us that the record, taken as a whole, required affirmance of the decision by the district court. Even taking into account that what the Office of Surface Mining ("OSM") inspector did may have amounted to a forbidden recommendation, nevertheless, it is clear that the OSM, when taking final action in determining that no emergency situation existed which warranted the expenditure of funds for emergency abatement of dangerous conditions, was acting in a discretionary manner. Therefore, the opinion of the district court is

AFFIRMED.

SPROUSE, Circuit Judge, dissenting:

Judge Murnaghan authored the original panel opinion, which I joined. I respectfully dissent from this one written for the en banc majority based on the reasoning he expressed in his first opinion.